IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| BUITRON ENTERPRISES, INC.; dba § | | CASE NO: 05-10915 |
| LOPEZ SUPERMARKET § | | |
|     Debtor. § | | |
| § | | CHAPTER 7 |
| § | | |
| RAMON BUITRON, SR., *et al* § | | |
|     Plaintiffs, § | | |
| § | | |
| VS. § | | ADVERSARY NO. 05-1013 |
| § | | |
| LUIS ALFREDO TREVINO, *et al* § | | |
|     Defendants. § | | |

## MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On May 1, 2006, the Court entered an Order granting in part and denying in part the Defendants' amended motion for summary judgment [docket no. 15]. The Order granted summary judgment as to the fiduciary duty claims. The Order denied summary judgment with respect to the defamation and interference claims based on the Defendants' failure to provide evidence in support of the motion.

On May 10, 2006, Defendants filed a second amended motion for summary judgment [docket no. 17]. The second motion seeks summary judgment as to the Plaintiffs' remaining claims for defamation and interference with a business relationship. The second motion incorporates the facts and arguments presented in the first motion and is supported by additional evidence and affidavits.

The Court incorporates the findings of fact and conclusions of law in the May 1, 2006 Order entered at docket no. 15 in their entirety.

The Court finds that summary judgment is appropriate with respect to the defamation claim. The evidence offered in support of the Defendants' second motion demonstrates that Trevino did not make false statements to third parties that the Plaintiffs were engaging in business misconduct. No response was filed. Accordingly, summary judgment is granted with respect to the defamation claim.

The Court further finds that summary judgment is appropriate with respect to the Plaintiffs' claims for interference. The evidence shows that Trevino did not know of any specific contracts between the Plaintiffs and third parties except for the contract with Tropical Air. Trevino's affidavit states that he did not interfere with the Tropical Air

contract and that he assisted the Plaintiffs in resolving complaints regarding the refrigeration system installed by Tropical Air. In his affidavit, Trevino asserts that he did not interfere with any other business relationships but instead that he tried to assist the Plaintiffs by continuing to sell groceries on an open account despite the Plaintiffs' failure to pay their bills. Similarly, Trevino's affidavit states that he had no knowledge of any prospective business relationships, that he did not interfere with the Plaintiffs' relationships with any third parties, and that he instead promoted the Plaintiffs' business to third parties. No response was filed. Accordingly, the Defendants' second motion for summary judgment is granted with respect to the interference with a business relationship and interference with a prospective business relationship claims.

The Complaint[1] further asserts a cause of action against Grocers Supply under the doctrine of respondeat superior. Because the Court has granted summary judgment in favor of Trevino, the employee, with respect to all three causes of action asserted against him, there is no basis to support a derivative cause of action against the employer, Grocers Supply. Accordingly, summary judgment is granted in favor of Grocers Supply.

A separate judgment will be issued.

Signed at Houston, Texas, on June 9, 2006.

MARVIN ISGUR
United States Bankruptcy Judge

---

[1] A document titled Plaintiffs' First Amended Complaint was attached as an exhibit to the Defendants' second motion for summary judgment. However, no amended complaint was filed in this adversary proceeding.